# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AUNDREA NICOLE LEE DINKINS | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-6 |
| | § | (Judge Mazzant/Judge Bush) |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

On July 15, 2016, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be **AFFIRMED**.

On July 28, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #18), and Defendant filed its response to those objections on August 10, 2016 (*see* Dkt. #20).

The Court has made a *de novo* review of the objections raised by Plaintiff and Defendant's response and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

First, Plaintiff objects to the Magistrate Judge's finding that the ALJ properly considered all of Plaintiff's impairments in determining her residual functional capacity, or RFC. Plaintiff argues

that the ALJ made no accommodation for limitation in the use of her hands in determining her RFC. Plaintiff also argues that there is no evidence to support the Magistrate Judge's conclusion that her headaches were controlled by medication.

As correctly noted by the Magistrate Judge, in making his RFC determination, the ALJ gave some credit to Plaintiff's reported symptoms and considered medical records, including those of Dr. Zahabi which discussed her reported inflamation in her hands and other symptoms. Tr. 48, 202. The ALJ retains the sole responsibility for determining an individual's RFC based on all of the relevant evidence, including the medical records, treating physician observations, and the claimant's descriptions of her limitations. *See Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. §§ 404.1546(c), 416.946(c); SSR 96-8p, 1996 WL 374184, at *5. The record indicates that the ALJ properly considered Plaintiff's complaints about her hands.

As to Plaintiff's objection that there is no evidence to support a conclusion that Plaintiff's headaches were controlled by medication, the Court is not convinced. The Magistrate Judge relied on the opinion of Dr. Woodfin. His report lists her medications and states that her migraines are "fully controlled." Tr. 184. The Court agrees with Defendant that the Magistrate Judge properly considered Plaintiff's migraine symptoms and correctly found that they were controlled with medication. Plaintiff's objections regarding the ALJ's consideration of her reported symptoms are thus overruled.

Plaintiff also argues that the Magistrate Judge incorrectly found that the ALJ properly considered the opinions of her treating primary care physician, Dr. Rogers, and her treating

rheumatologist, Dr. Zahabi. According to Plaintiff, had the ALJ given due consideration to the opinion of Dr. Rogers, he could not have found that she has the ability to perform light work. Plaintiff argues that the ALJ failed to consider all of the limitations which impact her ability to perform work-related activities. As with Plaintiff's other arguments, the Court finds that these arguments are without merit.

Plaintiff specifically takes issue with the Magistrate Judge's claim that Dr. Rogers opined that Plaintiff can lift weights up to 40 pounds. Plaintiff argues that although Dr. Rogers offered such an opinion in October 2010, by April 2011, Dr. Rogers opined that Plaintiff should stay "out of work" because of intermittent pain due to rheumatoid arthritis and fatigue. Tr. 182, 179. Plaintiff further argues that Dr. Zahabi found that she would have difficulty lifting 10 pounds frequently (see Tr. 201) and claims that such calls "into question the ALJ's conclusion that she is able to perform light work." Dkt. #18 at 3.

Despite Plaintiff's argument, Dr. Rogers' April 2011 report does not limit Plaintiff to a maximum of 10 pounds. Further, although it notes that she has difficulty lifting more than 10 pounds, Dr. Zahabi's report also does not limit her to 10 pounds. Tr. 179, 201. The Court agrees with the Magistrate Judge that the ALJ not only addressed the medical records from Dr. Rogers and Dr. Zahabi, he also noted that their opinions regarding Plaintiff's RFC actually supported a light RFC. Tr. 44, 46, 48, 182. There is substantial evidence in the record, as cited by Defendant and the Magistrate Judge, supporting the ALJ's finding that Plaintiff can perform light work. That objection is overruled.

Finding that Plaintiff's objections are without merit, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**It is SO ORDERED.**
**SIGNED this 25th day of August, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE